UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARLON CRAIG HEATH,
*Defendant-Appellant.*

No. 01-4594

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-87)

Submitted: March 14, 2002

Decided: March 26, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Elna Gay Leonard, Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marlon Craig Heath appeals from his conviction following a jury trial for possession of firearms by a felon under 18 U.S.C.A. § 922(g) (West 2000). Heath's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises issues regarding the sufficiency of the evidence and the improper reference to a codefendant's hearsay statement. Although Heath was informed of his right to file a supplemental brief, he has not done so.

Heath first asserts that there was insufficient evidence to support the conclusion that he knew that the "material" stored at his home by acquaintances was firearms. In reviewing a sufficiency of the evidence challenge on direct review, the relevant standard is whether the record contains "substantial evidence, taking the view most favorable to the Government, to support" the jury's finding. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Here, a federal agent testified that Heath gave a statement admitting that he saw the firearms as they were brought into his apartment. We find that this evidence was sufficient to enable a rational jury to conclude beyond a reasonable doubt that Heath knowingly possessed firearms.

During cross-examination of a federal agent, counsel for co-defendant Mark Edwards, Jr. asked about Edwards' statement that guns were stashed at Heath's home. The court immediately instructed the jury to disregard the comment. Heath contends that this remark was improper and prejudicial. However, even assuming counsel's statement was improper, we find that the statement was not prejudicial. Heath's defense at trial centered not on the presence of the firearms in his home but rather upon his knowledge or lack thereof of their presence. Because there was overwhelming and undisputed evidence that the guns at issue were in Heath's apartment, any error regarding counsel's statement was harmless.

In accordance with the requirements of *Anders*, we have examined the entire record in this case and find no meritorious issues for appeal. Accordingly, we affirm Heath's conviction and sentence. This court

requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*